Eastern Dis.
June, 1834.

SOULIE, CURA-
TOR, &c.
vs.
AZERETO.

---

SOULIE, CURATOR, &c. *vs.* AZERETO.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where there is no question of law raised, and the case is simply one of fact, and the enquiry is, whether the evidence supports the judgment, which on a close examination does not show that the judgment is erroneous, it will be affirmed with costs.

The plaintiff as curator of the estate of E. Rillieux an absentee, claims from the defendant eleven thousand five hundred dollars, as the price of work and labor done and materials

EASTERN DIS.
June, 1834.
═══════
SOULIE,
CURATOR, &c.
vs.
AZERETO.

furnished by said Rillieux in erecting three houses and four kitchens for the defendant according to a written contract between them. The plaintiff avers that the work was completed in January 1832, and tendered, which was a few months later than agreed on, but the delay was occasioned by bad weather and was provided for by the contract. He also alleges that since the absence of Rillieux he has caused an examination and survey of said buildings to be made, and finding them executed according to contract he tendered them again to the defendant who refuses to receive or pay for them; wherefore he prays judgment for the whole amount due thereon.

The defendant avers that no amicable demand was made according to law; he admits the contract for the erecting the buildings and the price as stated therein, but that the building were to have been finished and delivered in November 1831; and that they have not been completed according to contract; are leaky and put up in an unskilful and unworkmanlike manner, in consequence of which he is not bound to receive and pay for them; wherefore he prays to be dismissed. He avers that he has paid three instalments of two thousand three hundred dollars each, on account of said buildings; and also six hundred and thirty-five dollars to the father of said Rillieux, for which latter sum, together with one hundred and twenty dollars in damages per month for the delay in completing the work and until it shall be delivered to him, he prays judgment in reconvention.

Experts were appointed and an umpire to report the value and manner of the work done, &c., and several witnesses sworn who testified as to the tender made to the defendant by plaintiff and also to the manner the work was performed.

The parish judge considered a tender proved by two witnesses of the keys of said buildings by plaintiff to defendant which was putting the latter *in morâ* according to law. *La. Code, art.* 1905, *second paragraph.*

That the defendant refused to accept the delivery on the ground that several articles of the contract were not complied

with, and that he failed to put the plaintiff in default accord-ing to the article 1907 of the *Louisiana Code.*

EASTERN DIS.
June, 1834.

SOULIE, CURA-
TOR, &c.
vs.
AZERETO.

That it is proved the plaintiff took the opinion of two respectable builders before tendering said buildings who stated, as they have testified, that the work was receivable according to contract.

That after examining the testimony on both sides without impeaching the veracity or honesty of any of the witnesses, it preponderates to the side of the plaintiff.

That it appears there were some small deficiencies in the execution of the work at the time it was tendered which the sum of one hundred and fifty dollars would fully compensate, &c.

That as it was stipulated the work should be completed by the 25th of November 1831, and in default one hundred and twenty dollars per month for delay was to be charged, unless the delay was occasioned by bad weather; and the evidence showed the tender was not made until the 20th of April 1832, which after deducting for bad weather as proved, leaves four months delay at one hundred and twenty dollars per month amounts to four hundred and eighty dollars, to be taken from the price.

That it was proved seven thousand five hundred and thirty-six dollars had been actually paid by defendant, which deducted from eleven thousand five hundred dollars and after deducting the four hundred and eighty dollars for delay and one hundred and fifty for repairs, leaves a balance of three thousand three hundred and thirty-four dollars and ninety-three cents in favor of the plaintiff. Judgment rendered accordingly. The defendant appealed.

*Schmidt* and *Soulé,* for plaintiff and appellee.

*Canon, contra.*

MARTIN, J., delivered the opinion of the court.

The plaintiff's claim for work and labor done by Rillieux for the defendant in erecting certain houses, is resisted on the ground that the houses were not finished and completed ac-

Eastern Dis.
June, 1834.

cording to the agreement between the parties; that they were leaky and in other respects so inartificially and unskilfully erected that the defendant was warranted by law and according to his contract to refuse to receive and accept them which he did accordingly. He claimed a sum in reconvention for moneys advanced on account of Rillieux and for damages.

There was judgment for the plaintiff but he was decreed to pay the costs of suit; the Parish Court being of opinion there was no amicable demand proved which was expressly denied by the defendant.

From this judgment the defendant appealed after an unsuccessful effort to obtain a new trial. The plaintiff has prayed that it may be amended, so as to decree the payment of costs by the defendant.

*Where there is no question of law raised, and the case is simply one of fact and the enquiry is, whether the evidence supports the judgment? which on a close examination does not show that the judgment is erroneous, it will be affirmed with costs.*

No point of law has been raised, so that the question which the case presents is one of fact, whether the plaintiff has supported his plea by evidence; the parish judge has concluded that he has, and a close examination of the testimony does not enable us to say he erred.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.